UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DWAYNE SERCEY,

        Petitioner,

v.                                        Case No. 3:14-cv-1480-J-39PDB

SECRETARY, DOC, et al.,

        Respondents.

---

**ORDER**

**I. STATUS**

Petitioner challenges 2011 (Columbia County) convictions for grand theft auto and burglary of a structure (state case no. 02-540), and escape and grand theft auto (state case no. 03-203). Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1. He filed the Petition on December 7, 2014, pursuant to the mailbox rule.[1] He raises two grounds in the Petition. Respondents filed an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 14), and they calculate that the Petition is timely filed. Id. at 9. In support

---

[1] The Court gives pro se inmate petitioners the benefit of the mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988). See 28 U.S.C. § 2244(d). In this instance, the Petition was provided to the prison authorities for mailing on December 7, 2014. Petition at 15. See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

of the Response, they rely on Exhibits to Answer to Petition for Writ of Habeas Corpus (Doc. 14).[2] Petitioner filed a Notice that Petitioner Will Not File a Reply (Doc. 17). See Order (Doc. 8).

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 2017 WL 1199485 (U.S. Apr. 3, 2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 132 S.Ct. 38, 43 (2011)).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear

---

[2] The Court hereinafter refers to the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

and convincing evidence.[3] Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).

> ..."It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." [Harrington v. Richter, 562 U.S. 86, 101 (2011)] (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013), cert. denied, 135 S.Ct. 67 (2014).

In applying AEDPA deference, the first step is to identify the last state court decision that evaluated the claim on its merits. Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016).[4] Regardless of whether the last state court provided

---

[3] "This presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)), cert. denied, 133 S.Ct. 1625 (2013).

[4] As recently suggested by the Eleventh Circuit in Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), in order to avoid any complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in Wilson v.

a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011); see also Johnson v. Williams, 133 S.Ct. 1088, 1096 (2013). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the last adjudication on the merits is unaccompanied by an explanation, the petitioner must demonstrate there was no reasonable basis for the state court to deny relief. Id. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; Marshall, 828 F.3d at 1285.

Although the § 2254(d) standard is difficult to meet, it was meant to be difficult. Indeed, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented . . . was so lacking in justification that

---

Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A. Ground One

In his first ground, Petitioner claims his counsel gave him erroneous advice, promising Petitioner that he would receive no longer that 36 months if Petitioner proceeded to his violation of probation hearing. Petition at 5. Petitioner asserts that he would have accepted the state's offer of five years but for the erroneous advice of counsel. Id.

In order to prevail on this Sixth Amendment claim of ineffective assistance of trial counsel, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Petitioner exhausted this ground by raising it in his Rule 3.850 motion. Ex. 13. The trial court denied relief, Ex. 14, and the First District Court of Appeal (1st DCA) per curiam affirmed. Ex. 18. See Response at 20.

In the state court, Petitioner not only claimed that his counsel gave him erroneous advice, Petitioner also claimed that his counsel failed to convey the actual plea offer. Ex. 13 at 3-4. Petitioner said that his counsel withheld the plea offer and guaranteed a 36-month sentence from the violation of probation proceeding. Id. at 4.

Upon review, the circuit court first set forth the applicable two-pronged Strickland standard as a preface to addressing the claims of ineffective assistance of counsel. Ex. 14 at 10. In addressing the claim of ineffective assistance of counsel, the circuit court found Petitioner's post conviction claim refuted by the record, referencing the transcript of the violation of probation hearing conducted on September 21, 2011. Id.

The transcript of the hearing shows the following. At the beginning of the proceeding, defense counsel, Travis Koon, asked the prosecutor, Jonah Farr, to state the maximum sentence that Petitioner "could possibly receive today[.]" Ex. 3 at 3. Mr. Farr responded by stating that the maximum "is 40 years in DOC because he has HFO on each case, 30 on the escape and 10 on the grand theft." Id. Mr. Farr also provided the scoresheet and referenced the plea offer. Id. Mr. Koon explained that he not only had gone over the allegations of violation, he went over the maximum sentence with Petitioner, which had just been repeated by the prosecutor. Id. at 5.

After Petitioner was duly sworn, Mr. Koon asked questions:

>    And, your Honor, just for the record, I went over the criminal punishment code scoresheet pursuant to 3.992(a). Mr. Sercey's total sentencing points are 72.2. His lowest permissible prison sentence is 33.15. His maximum sentence is 40 years.
>
>    **Mr. Sercey, do you understand that if you proceed with this violation of probation hearing today, Judge Fina could sentence you up to the max of 40 years because you are a habitual violent felony -- habitual felony offender, I apologize, HFO, and he could sentence you to the minimum of 33.15 months. The State has made an offer of five years to close out all of your cases, including your new law violation. Do you understand that?**
>
>    **THE DEFENDANT:** Yes, sir.

Id. at 6 (emphasis added).

Mr. Koon asked Petitioner what he wanted to do today, and he responded that he wanted to go through with his violation hearing. Id. After the state presented several witnesses, Mr. Koon asked for a pause in the proceedings, and then notified the court that the state had made a new offer. Id. at 35. The court immediately said: "I'm not accepting any negotiated plea." Id. Mr. Koon asked if the court would entertain a possible open plea offer, and the court responded that Petitioner could admit "any time he wishes." Id. Petitioner said he would like to do an open plea, id., and admitted to two violations. Id. at 35, 39. He denied the rest. Id. at 39.

The defense called Petitioner. Id. at 53. He took the stand. Id. The state dismissed two asserted violations because Petitioner was in jail at the time of the violations. Id. at 57. Petitioner

said he was guilty of not using his better judgment, and then stated, "I stand before you today -- 40 years in prison. I'm not a bad person." Id. at 60.

Mr. Koon asked the court to sentence Petitioner "to something more closer to the minimum guidelines[,]" even though Petitioner is an habitual felony offender. Id. at 71. The state reminded the court that the escape sentence, by statute, must be consecutive to any other sentences Petitioner is serving. Id. at 71-72.

Petitioner addressed the court before being sentenced:

> As I stand before you today, all I ask for is leniency and mercy from the Court. I'm not trying to catch that much time. I'm not a violent offender or nothing. The least I can get is 33 months, the most I can get is 40. 10, 15 years, that's a lot of time.
>
> Just ask for mercy, sir, and leniency.

Id. at 76.

The court sentenced Petitioner to fifteen years on the escape charge, followed by five years for grand theft in case 03-203, and then added two concurrent five-year terms for the two counts of grand theft in case 02-540, but consecutive to any sentence being served and the 03 case, for a total sentence of twenty-five years as an habitual felony offender. Id. at 77-79.

The circuit court rejected Petitioner's claim of ineffective assistance of trial counsel. The 1st DCA affirmed. Thus, there is a qualifying state court decision under AEDPA. This Court presumes that the 1st DCA adjudicated the claim on its merits, as there is

an absence of any indication or state-law procedural principles to the contrary. Also of note, the last adjudication on the merits is unaccompanied by an explanation. Thus, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. He has not accomplished that task.

Indeed, if there is any reasonable basis for the court to deny relief, the denial must be given deference. Here, deference under AEDPA should be given to the 1st DCA's adjudication. Its decision is not inconsistent with Supreme Court precedent, including <u>Stickland</u> and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Ground one is due to be denied.

Of import, this Court explained,

> In <u>Missouri v. Frye</u>, --- U.S. ----, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and <u>Lafler v. Cooper</u>, --- U.S. ----, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), the United States Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under <u>Strickland</u> extends to the negotiations and consideration of plea offers that lapse or are rejected. See <u>Frye</u>, 132 S. Ct at 1404-08; <u>Lafler</u>, 132 S.Ct. at 1384. The Supreme Court specifically held that counsel has a duty to communicate formal offers from the prosecution to accept a plea, and that, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." <u>Frye</u>, 132 S.Ct. at 1408. The Court also held that, in order to show prejudice under Strickland's two-part test, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer

> but for counsel's ineffective assistance; and
> (2) the plea would have resulted in a lesser
> charge or a lower sentence. Frye, 132 S.Ct. at
> 1409.

Johnson v. Sec'y, DOC, No. 2:12-CV-469-FTM-29CM, 2015 WL 179299, at *4 (M.D. Fla. Jan. 14, 2015) (Not Reported in F.Supp. 3d). See Hill v. Lockhart, 474 U.S. 52 (1985) (establishing that the two-pronged Strickland standard governs ineffective assistance of counsel claims with regard to plea bargains); Missouri v. Frye, 132 S.Ct. 1399, 1409 (2012) (setting forth the prejudice that must be shown under Strickland in these circumstances: (1) a reasonable probability that the defendant would have accepted the earlier plea offer had he been afforded effective assistance of counsel; and (2) a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law), cert. denied, 132 S.Ct. 1789 (2012).

It is noteworthy that the circuit court, after reviewing the transcript of the violation of probation hearing, denied Petitioner's claim of ineffective assistance of counsel in a well-reasoned, written decision. Also, the court, in its opinion, referenced the applicable two-pronged standard as set forth in Strickland as a preface to addressing Petitioner's claim of ineffective assistance of counsel. With respect to Petitioner's claim that counsel withheld the state's offer, the court concluded that the record shows that Petitioner would not have accepted the

state's offer of five years in prison, as he rejected the offer on the record. Ex. 14 at 10. With respect to Petitioner's claim that his counsel was ineffective because he guaranteed Petitioner he would not receive a sentence over 36 months, the court found Petitioner failed to satisfy the prejudice prong of Strickland. Id. at 11. The court referenced the prosecutor's statement concerning the maximum sentence Petitioner was facing and the relevant scoresheet; defense counsel's statement that he went over the maximum sentence with Petitioner before the hearing; and counsel's question to Petitioner, inquiring whether Petitioner understood that if he proceeded with the violation of probation hearing today, the judge could sentence him up to the maximum of 40 years due to Petitioner being an habitual felony offender. Id.

In denying this ground, the circuit court recognized that after being advised at least three times about the potential for receiving up to 40 years in prison, Petitioner elected to go forward with the hearing. Id. The court concluded that "no prejudice could have resulted from Counsel's alleged error, even if true, in advising the Defendant that he would not receive more than thirty-six months in prison." Id. Even if counsel had erred prior to the hearing, any misinformation was corrected or clarified at the outset of the hearing, and Petitioner still rejected the five-year offer. Petitioner was repeatedly and correctly advised that he was facing a maximum of 40 years in prison, and the court could

sentence him to up to 40 years in prison if he elected to proceed with the hearing.[5]

Upon review, there is a reasonable basis for the court to deny relief; therefore, the denial must be given deference. In this instance, deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA. Given due consideration, its decision is not inconsistent with Supreme Court precedent, including Stickland and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. As such, ground one is due to be denied.

## B. Ground Two

In ground two, Petitioner raises a claim of ineffective assistance of trial counsel for failure to inform the court of Petitioner's mental state and seek a competency determination. Petition at 7. Id. Petitioner raised this issue in ground three of his Rule 3.850 motion. Ex. 13 at 6.

Respondents first claim that Petitioner did not adequately exhaust this ground in the state court system. Response at 34-35. They contend that on appeal of the denial of the post conviction motion, Petitioner fundamentally altered the legal claim that was presented to the state circuit court because he introduced evidence

---

[5] Also of importance, the court refused to consider a new plea offer during the course of the hearing.

on appeal which was not introduced for consideration by the lower court, and he submitted an appellate brief referencing the supplemental evidence and relying on it to support his claim for relief. Id. at 34; Ex. 16. The record shows that as extra-record material, Petitioner attached the January 4, 2011 psychological evaluation by Harry Krop, Ph.D., in Alachua County case number 2010-CF-4189, and referenced it in his brief. Ex. 16.

Based on the alteration of the claim in the state court system, Respondents urge this Court to find that this ground is procedurally defaulted. In addressing the question of exhaustion, this Court must ask whether Petitioner's claim was properly raised in the state court proceedings:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. See 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The Court's guidance in Baldwin "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"—namely, giving the state courts "a meaningful opportunity" to address the federal claim. McNair, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim," or by making a

> "somewhat similar state-law claim." Kelley, 377 F.3d at 1343–44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." Id. at 1344 (quotation omitted).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-52 (11th Cir. 2012), cert. denied, 133 S.Ct. 875 (2013).

Upon due consideration, Petitioner did not fairly present the constitutional issue to the state circuit court. See Response at 33-35. Petitioner presented evidentiary material and related argument on appeal that was different from that which he presented to the circuit court below. "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Tillman v. State, 471 So.2d 32, 35 (Fla. 1985).

Thus, although Petitioner's current claim was raised in a brief on appeal of the denial of the Rule 3.850 motion, it was not properly and fairly presented to the circuit court. Indeed, Petitioner did not give the circuit court the opportunity to apply controlling legal principles to the particular facts bearing upon his constitutional claim. As a result, the state courts were not given one full opportunity, through the state's established review process, to address the issue raised in ground two of the Petition.

Petitioner fundamentally altered his claim. As a result, he failed to adequately exhaust the constitutional claim raised in ground two. The Court concludes ground two is procedurally defaulted and barred from review.

Alternatively, Respondents address the merits of ground two. Response at 35-39. Petitioner, in the third ground of his Rule 3.850 motion claimed his counsel was ineffective for failure to seek a competency determination. Ex. 13 at 6. The circuit court, presuming Petitioner to have been competent, found Petitioner failed to meet his burden to show otherwise in failing to demonstrate entitlement to an evidentiary hearing on the issue of competency. Ex. 14 at 12.

In denying this ground, the court noted that former defense counsel has already moved for a mental examination by a defense expert. Id. at 12. The trial court granted the motion and appointed defense expert Umesh Mhatre, M.D., to examine Petitioner. Id. at 37-42. The doctor examined Petitioner. Id. at 43. The court concluded that there was no apparent reason for defense counsel to delve further into competency. Id. at 12.

Additionally, the court found that Petitioner "has no documentation to support his claim of incompetency." Id. at 13. Perhaps most telling, is the "focused, relevant, detailed and clearly articulated" testimony presented by Petitioner at the violation of probation hearing. Id. Petitioner provided a detailed explanation for his actions at the Wal-Mart, including the

circumstances of his violation, the reasons behind it, and the nature of the setting and persons involved. Id. Not only that, the court also recognized Petitioner's demonstrated ability "to consult with his lawyer, speak rationally, and understand the charges." Id. Finally, the court relied on Petitioner's admission that he is medicated for mental health, but concluding that his admission undermines his claim that it affected his decision-making skills at the hearing. Id. In particular, the court noted that although Petitioner may manifest mental illness, the record did not show "a present inability to assist counsel or understand the charges." Id.

Not only has Petitioner failed to show deficient performance, Petitioner has not met the prejudice prong of Strickland. To do so, he would have to show "that there was a reasonable probability that he would have received a competency hearing *and* been found incompetent had counsel requested the hearing." Lawrence v. Sec'y, Fla. Dep't of Corr., 700 F.3d 464, 479 (11th Cir. 2012), cert. denied, 133 S.Ct. 1807 (2013).

Upon review of the transcript of the September 21, 2011 Columbia County evidentiary proceeding, there is nothing in the record which supports Petitioner's claim that his counsel should have recognized that Petitioner was operating under a mental state which should have triggered a response by counsel to bring the matter to the court's attention and request a competency determination. Ex. 3. Of note, Dr. Krop opined, on January 4,

2011, that Petitioner was competent to proceed in an Alachua County case and was sane at the time of his alleged offense. Ex. 16, attachment Exhibit A. Petitioner's claim that he would have been found incompetent had counsel requested a competency hearing remains unsupported.

Petitioner is not entitled to habeas relief. The state circuit court denied relief. Ex. 14. The appellate court affirmed. Ex. 18. The state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in the light of the evidence presented in state court proceedings.

Accordingly, it is now

**ORDERED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[6] Because this Court

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of May, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/22
c:
Dwayne Sercey
Counsel of Record

---

constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.